IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

**FEDERAL TRADE COMMISSION**         \*

    **Plaintiff**         \*

v.         \*   Case No. JFM-14-cv-2312

**MIDWAY INDUSTRIES, LLC, et al.**         \*

    **Defendants**         \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ANSWER OF DEFENDANTS ENVIRONMENTAL INDUSTRIES, LLC, MID ATLANTIC INDUSTRIES LLC, MIDWAY MANAGEMENT, LLC, B&E INDUSTRIES, LLC AND BRIAN K. WALLEN**

Defendants Environmental Industries, LLC, Mid Atlantic Industries LLC, Midway Management, LLC, B&E Industries, LLC, and Brian K. Wallen, (collectively, the "Defendants"), by counsel Ira L. Oring, Alan F.M. Garten, Jay Abarbanel, and Fedder and Garten Professional Association, pursuant to Federal Rule of Civil Procedure 8, file this Answer to the Federal Trade Commission's Complaint, and state as follows.

**SPECIFIC ADMISSIONS OR DENIALS**

1. With respect to Paragraph 1, Defendants admit the averments set forth therein, except that the Defendants deny that they committed acts or practices in violation of the FTC Act, the TSR, and the Unordered Merchandise Statute.

2. Paragraph 2 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

3. Paragraph 3 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

4. Paragraph 4 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

5. Paragraph 5 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

6. With respect to Paragraph 6, Defendants admit the allegations set forth in the first sentence, except that they deny that Midway Industries did business as Midway Industries of Delray Beach. Defendants admit the remaining allegations set forth therein, but deny the characterization that Midway Industries induced consumers to purchase goods.

7. With respect to Paragraph 7, Defendants admit the allegations set forth in the first sentence, except that they deny that Commercial did business as Commercial Industries of Palm Beach LLC and Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Commercial did business as State Electric & Power LLC. Defendants admit the remaining allegations set forth therein, but deny the characterization that Commercial induced consumers to purchase goods.

8. With respect to Paragraph 8, Defendants admit the allegations set forth in the first sentence, except that they deny that National did business as National Distributors and National of Delray Beach LLC. Defendants admit the remaining allegations set forth therein, but deny the characterization that National induced consumers to purchase goods.

9. With respect to Paragraph 9, Defendants admit the allegations set forth therein, but deny the characterization that State Power induced consumers to purchase goods.

10. With respect to Paragraph 10, Defendants admit the allegations set forth therein. Defendants deny the characterization that Standard Industries induced consumers to purchase goods.

11.     With respect to Paragraph 11, Defendants admit the allegations set forth therein, but deny the characterization that Essex induced consumers to purchase goods.

12.     With respect to Paragraph 12, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Johnson Distributing Limited Liability Company did business as Johnson Distributing, Johnson Distributing MD, Johnson Distribution, and Johnson Distributors.  Defendants admit the remaining allegations set forth therein but deny the characterization that Johnson induced consumers to purchase goods.

13.     With respect to Paragraph 13, Defendants admit the set forth therein, but deny the characterization that Hansen induced consumers to purchase goods.

14.     With respect to Paragraph 14, Defendants admit the allegations set forth therein, but deny the characterization that Environmental induced consumers to purchase goods.

15.     With respect to Paragraph 15, Defendants admit the allegations set forth therein, but deny the characterization that Mid Atlantic induced consumers to purchase goods.

16.     With respect to Paragraph 16, Defendants admit the allegations set forth in the first sentence.  Defendants deny the remaining allegations set forth therein.

17.     With respect to Paragraph 17, Defendants admit the allegations in the first sentence.  Defendants deny the remaining allegations set forth therein,

18.     With respect to Paragraph 18, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Epstein is a principal of the listed entities as the term principal is ambiguous.  Defendants admit the remaining allegations in the first two sentences.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences.

19. With respect to Paragraph 19, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Wallen is a principal of the listed entities as the term principal is ambiguous. With respect to the first sentence, Defendants admit that Wallen is and has been and officer or director of B&E, Midway Management, Environmental, and Mid Atlantic. Defendants deny the remaining allegations in the first sentence. Defendants admit the allegations in the second sentence. Defendants deny the allegations set forth in the third sentence. The fourth sentence contains legal conclusions which the Defendants are not required to admit or deny.

20. With respect to Paragraph 20, Defendants deny the allegations set forth in the first two sentences. The third sentence contains legal conclusions which the Defendants are not required to admit or deny, except that the Defendants deny that they engaged in the acts and practices alleged in the Complaint. Defendants deny the remaining allegations set forth therein.

21. Paragraph 21 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

22. With respect to Paragraph 22, Defendants admit that they sold light bulbs and cleaning products, except deny the Plaintiff's characterization that all such products were nondurable.

23. With respect to Paragraph 23, Defendants admit the allegations in the first sentence, except that that characterization of the Defendants as telemarketers is a legal conclusion and as such, the Defendants are not required to admit or deny the characterization. Defendants deny the remaining allegations set forth therein.

24. With respect to Paragraph 24, Defendants deny the allegations set forth therein and the classification of the Defendants as telemarketers is a legal conclusion and as such, the Defendants are not required to admit or deny the characterization.

25. With respect to Paragraph 25, Defendants deny the allegations set forth therein and the classification of the Defendants as telemarketers is a legal conclusion and as such, the Defendants are not required to admit or deny the characterization.

26. With respect to Paragraph 26, Defendants deny the allegations set forth therein and the classification of the Defendants as telemarketers or the Defendants' calls as telemarketing are legal conclusions and as such, the Defendants are not required to admit or deny the characterization.

27. With respect to Paragraph 27, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except that the Defendants deny that they engaged in deceptive acts.

28. With respect to Paragraph 28, Defendants deny the allegations set forth therein.

29. With respect to Paragraph 29, Defendants deny the allegations set forth therein.

30. With respect to Paragraph 30, Defendants deny the allegations set forth therein.

31. With respect to Paragraph 31, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence. Defendants admit the allegations in the second sentence. Defendants deny the allegations in the third sentence and the classification as the Defendants as telemarketers is a legal conclusion.

32. With respect to Paragraph 32, Defendants admit that they received notice from the BBB, but deny that they engaged in deceptive practices

33. Paragraph 33 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

34. Paragraph 34 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

35. With respect to Paragraph 35, Defendants deny the allegations set forth therein.

36. With respect to Paragraph 36, Defendants deny the allegations set forth therein.

37. Paragraph 37 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

38. Paragraph 38 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

39. Paragraph 39 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

40. Paragraph 40 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

41. Paragraph 41 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

42. Paragraph 42 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

43. Paragraph 43 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

44. With respect to Paragraph 44, Defendants deny the allegations set forth therein.

45. Paragraph 45 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

46. With respect to Paragraph 46, Defendants deny the allegations set forth therein.

47. Paragraph 47 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

48. Paragraph 48 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

49. Paragraph 49 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

50. With respect to Paragraph 50, the Defendants admit that they are not a charitable organization, but deny the remaining factual allegations set forth therein. Paragraph 50 also contains legal conclusions that the Defendants are not required to admit or deny.

51. With respect to Paragraph 51, the Defendants deny the factual allegations set forth therein. Paragraph 51 also contains legal conclusions that the Defendants are not required to admit or deny.

52. Paragraph 52 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

53. With respect to Paragraph 53, Defendants deny the allegations set forth therein.

54. Paragraph 54 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

55. Paragraph 55 contains legal conclusions rather than factual allegations. As such the Defendants are not required to admit or deny the allegations.

**DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c)(1), the Defendant asserts the following defenses:

1. Some or all of the allegations in the Complaint are barred by the applicable statute of limitations.

2. These Defendants acted in good faith with the belief their actions to be in accordance with the law.

3. Some or all of the claims in the Complaint are barred by estoppel.

4. Some or all of the claims in the Complaint are barred by the doctrine of waiver.

5. The claims asserted in the Complaint are barred because the Defendants' alleged conduct was privileged and protected by the First Amendment to the United States Constitution.

6. The claims asserted against Defendant Wallet are barred, in whole or in part, because Wallen was not responsible for the conduct alleged in the Complaint.

WHEREFORE, the Complaint having been fully answered, the Defendants respectfully request that this Court enter judgment in their favor.

        /s/ Ira L. Oring
Ira L. Oring (Bar No. 00733)
ilo@fedgar.com
Alan F.M. Garten (Bar No. 4995)
agarten@fedgar.com
Jay Abarbanel (Bar No. 29641)
jay@fedgar.com
Fedder and Garten Professional Association
36 South Charles Street, Suite 2300
Baltimore, MD 21201
410-539-2800
*Attorneys for Defendants Environmental Industries, LLC, Mid Atlantic Industries LLC, Midway Management, LLC, B&E Industries, LLC, and Brian K. Wallen*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of September, 2014, copies of the foregoing Answer were served via the Court's electronic filing system upon the following:

    Harris A Senturia, Esq.
    Marci Frederick, Esq.
    111 Superior Ave., Suite 200
    Cleveland, Ohio 44114
    *Attorneys for FTC*

    Gregory Todd Lawrence, Esq.
    Hannah Kon, Esq.
    Conti Fenn and Lawrence LLC
    36 S. Charles Street, Suite 2501
    Baltimore, MD 21201
    *Counsel for:*
    *Midway Industries LLC*
    *Commercial Industries LLC*
    *National LLC*
    *State Power & Lighting LLC*
    *Standard Industries LLC*
    *Essex Industries, LLC*
    *Johnson Distributing LLC*
    *Hansen Supply LLC*
    *Eric A. Epstein*

                                      /s/ Ira L. Oring
                                      Ira L. Oring