UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Federal Trade Commission,<br><br>Plaintiff,<br><br>v.<br><br>Midway Industries Limited Liability Company, *et al.*<br><br>Defendants. | **Case No. JFM 14-CV-2312** |

**NOTICE OF SCHEDULING ORDER PROPOSALS**

Pursuant to the Court's Letter of February 11, 2015, Plaintiff Federal Trade Commission

respectfully submits the parties' competing proposals for the contents of a scheduling order.

Counsel for all parties, and for the Receiver, have conferred in good faith. The two sides

(Plaintiff and Defendants) have very widely differing perspectives. Accordingly, we submit the

competing proposals in the form of a table.

| Event | Plaintiff's Date | Defendants' Date |
|---|---|---|
| Written discovery commences | March 16, 2015 | March 16, 2015 |
| Initial disclosures due | March 25, 2015 | March 30, 2015 |
| Parties may begin taking depositions | April 20, 2015 | June 20, 2015 |
| Deadline to amend pleadings | April 30, 2015 | June 30, 2015 |
| Fact discovery closes (see L.R. 104.2) | June 19, 2015 | November 30, 2015 |
| First expert reports; expert discovery begins* | July 2, 2015* | December 15, 2015* |
| Expert discovery closes* | August 21, 2015* | March 30, 2016* |
| Deadline to file dispositive motions | September 4, 2015 | April 30, 2016 |
| Deadline to respond to dispositive motions | October 5, 2015 | May 30, 2016 |
| Deadline for replies to dispositive motions | October 23, 2015 | June 15, 2016 |
| Pretrial deadlines | To be scheduled | |
| Trial | To be scheduled | |

As to expert discovery, the parties have not agreed on structure and sequencing.  Plaintiff proposes simultaneous exchanges of primary expert reports and rebuttal expert reports, and separate deposition periods for primary and rebuttal experts.  Defendants propose that the sequence of expert reports be Plaintiff, then Defendants, then Plaintiff's rebuttal, with a common deposition period for all experts.  We present the competing proposals in the form of two tables.

| Plaintiff's Proposed Expert Discovery Event | Proposed Date |
|---|---|
| Parties designate expert witnesses and serve expert witness reports | July 2, 2015 |
| Deadline to complete depositions of designated expert witnesses | July 17, 2015 |
| Parties designate rebuttal expert witnesses and serve rebuttal expert witness reports | July 31, 2015 |
| Deadline to complete depositions of designated rebuttal expert witnesses | August 21, 2015 |

| Defendants' Proposed Expert Discovery Event | Proposed Date |
|---|---|
| Plaintiff designates expert witnesses and serves expert witness reports | December 15, 2015 |
| Defendants designate expert witnesses and serve expert witness reports | January 15, 2016 |
| Plaintiff designates rebuttal expert witnesses and serves rebuttal expert witness reports | January 30, 2016 |
| Deadline to complete depositions of all expert witnesses | March 30, 2016 |

The parties agree that Local Rule 104.1 will govern limitations on service of document requests and requests for admission, other than requests propounded to establish the authenticity of documents or the fact that documents constitute business records.  Similarly, the parties agree that, except by leave of Court or agreement of the parties, the limits set forth in L.R. 104.1 shall apply to interrogatories, other than those propounded to establish the authenticity of documents or the fact that documents constitute business records.

The parties do not intend the proposal of a date to begin depositions as a fixed date on which the first deposition must occur.  Rather, this is a proposal that the parties will agree not to attempt to set any depositions to occur before that date.  The parties otherwise intend that

deposition scheduling be subject to the ordinary process favoring agreement among counsel as to date and other particulars.

The Receiver consents to the submission of these proposals.  The Receiver initiated and has participated in the parties' discussions regarding implementation of a scheduling order.  The Receiver favors resolution of the underlying litigation on the most expeditious timeline that is fair to all parties.

Undersigned counsel for the FTC has circulated this document to counsel for all parties and for the Receiver, all of whom have agreed to this submission as a representation of the parties' competing proposals.  As set forth in the Court's Letter of February 11, 2015, counsel for the FTC will make the necessary arrangements for the conference call set for March 11, 2015.

Respectfully submitted,

Dated: March 5, 2015

/s/*Harris A. Senturia*
HARRIS A. SENTURIA (Ohio Bar #0062480)
MARCI FREDRICK (Ohio Bar #0087299)
AMY C. HOCEVAR (Ohio Bar #0075510)
Federal Trade Commission
1111 Superior Ave., Suite 200
Cleveland, Ohio 44114
Senturia Phone: (216) 263-3420
Fredrick Phone: (216) 263-3414
Hocevar Phone: (216) 263-3409
Fax: (216) 263-3426
hsenturia@ftc.gov
mfredrick@ftc.gov
ahocevar@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2015, a copy of the foregoing Notice of Scheduling Order Proposals was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt who may access this filing through the Court's system.

/s/*Harris A. Senturia*
Attorney for Plaintiff