UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | **Case No. JFM 14-CV-2312** |
| Plaintiff, | |
| v. | |
| Midway Industries Limited Liability Company, *et al.,* | |
| Defendants. | |

## REPLY IN SUPPORT OF PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR LEAVE TO FILE AND SERVE *INSTANTER* AN AMENDED COMPLAINT

Defendant Brian Wallen has opposed Plaintiff's motion for leave to file its Amended Complaint, claiming that he will suffer prejudice by it.  He asserts that the filing of the Amended Complaint will necessarily require substantial extensions in the schedule, and that any delay in the resolution of this matter will prejudice his interests.  Plaintiff Federal Trade Commission disagrees that substantial extensions will be necessary, and disputes Defendant Wallen's claims of prejudice.

As Defendant Wallen notes, the FTC and the Defendants submitted competing scheduling proposals to the Court in March of this year.  (Doc 109).  At the time, Defendant Wallen opposed the FTC's efforts to move this case forward swiftly.  As a result of Defendants' advocacy, the Court set a schedule that extended beyond the FTC's proposal.  Defendant Wallen does not dispute that the FTC has complied with that schedule.  Given the FTC's compliance with the Scheduling Order (Doc 112), and as Defendant Wallen's claims about delay and its consequences are speculative and insubstantial, filing and service of the Amended Complaint is appropriate.

## I.      FEDERAL COURTS FREELY GRANT LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15(a)(2), federal courts "freely give leave" to amend pleadings.  As the Fourth Circuit has observed, this is a "liberal rule" and "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (*quoting Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).  Defendant Wallen has not argued bad faith or futility, but does attempt to assert that the filing of the proposed Amended Complaint will be prejudicial to his interests.

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber,* 438 F.3d at 427.  Defendant Wallen is not asserting, and could not reasonably assert, that the proposed amendment (which does not change the claims against him but seeks only to add three of his business associates as individual Defendants) will prejudice him in the preparation of his defense. *See Davis v. Piper Aircraft Co.*, 615 F. 2d 606, 613 (4th Cir. 1980) (where "defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case").  Instead, the only question he raises concerns the timing of the amendment and its potential impact on the schedule of this matter going forward.

## II.      DEFENDANT WALLEN HAS NOT SHOWN PREJUDICE

Defendant Wallen's complaints about the timing of the proposed amendment do not show prejudice sufficient to overcome the liberal presumption in favor of granting leave to amend.

**A.  Plaintiff's Motion for Leave to Amend Is Timely**

Defendant Wallen does not dispute that the FTC's motion is timely under the Scheduling Order. (Doc 112).  When the parties presented their competing scheduling proposals to the Court in March, the FTC proposed a deadline for amending the pleadings at April 30, 2015, that fact discovery should close in June, and that expert discovery should close in August.  (Doc 109).  Defendant Wallen, with his codefendants, advocated that the deadline for amending the pleadings should be set at June 30, that fact discovery should close in November, and that expert discovery should close in the spring of 2016.  (*Id.*).  Simply put, the Defendants sought a schedule far more extended than that proposed by the FTC.  While the Court did not grant the Defendants the fully extended schedule they requested, the resulting Scheduling Order set deadlines well beyond those sought by the FTC.  The next deadline in this matter is not until September 18, when fact discovery is set to close.  The FTC has complied with the deadline that resulted from Defendants' advocacy.[1]

**B.  Defendant Wallen's Claims of Delay and Prejudice Are Insubstantial**

Defendant Wallen previously sought a very lengthy schedule in this matter, one that would have set the dispositive motions deadline at the end of April 2016.  (Doc 109).  Now that he has expressed his concern over the possibility of any delay beyond the current (less lengthy) schedule, the FTC welcomes

---

[1] In his opposition, Defendant Wallen asserts that the FTC "waited until June 2, 2015, three days before the deadline to … propose[] to amend its Complaint."  (Doc 120 at 1).  Pursuant to Local Rule 103.6(d), FTC counsel contacted Defendants' counsel on May 26, 2015, providing the proposed Amended Complaint and attempting to obtain consent.  Counsel for Defendant Wallen indicated that he would respond on June 1.  Counsel for Defendant Wallen indeed responded (declining to consent) on June 1, and the FTC filed on June 2.  Thus, Defendant Wallen has no grounds to suggest that there was anything improper about the June 2 filing date, which was in accord not only with the Scheduling Order, but also with the Local Rules, and with time provided to Defendant Wallen's counsel to indicate that Defendant Wallen would not consent to the amendment.

his change of heart.  We can assure Defendant Wallen that he will find in Plaintiff a staunch ally to move this matter forward expeditiously.

That said, Defendant Wallen's concerns about potential delay are not well founded, and cannot overcome the liberal rule in favor of allowing amended pleadings.  There are two primary reasons for this.

First, Defendant Wallen's concern over potential delay is purely speculative.  We do not know how the proposed additional individual Defendants will respond and participate in this matter, and no one can say whether the Court will find any substantial extension necessary.  Even after the delay caused by Defendant Wallen's tactical decision to oppose the filing of the Amended Complaint, nearly three months remain until the close of fact discovery, the deadline to complete expert discovery (which may be wholly unnecessary) is nearly five months away, and no trial date has been set.  With significant time remaining in the scheduled discovery period, the addition of the three new individual Defendants should not substantially impact the Scheduling Order.  The FTC continues to base its case on evidence and argument that have confronted the proposed additional individual Defendants since they received the Temporary Restraining Order in July 2014.  In light of the time remaining in the current schedule and the long well-disclosed nature and basis of the FTC's claims, the FTC disagrees that the filing of the Amended Complaint will necessarily substantially delay the resolution of this matter.

Second, Defendant Wallen has not articulated any unfair prejudice that he would suffer by any hypothetical delay.  His only objection is that his (pre-filing) assets are frozen pending resolution of the case.  Defendant Wallen knows well, however, that the Court exercised its equitable authority to freeze those assets based on evidence and law that he has thus far chosen not to attempt to refute.  The Court previously found the FTC likely to succeed on the merits of its claims, and granted preliminary equitable

relief in accordance with that finding.  The basis for this preliminary relief has not changed, and

Defendant Wallen does not argue otherwise.  If Defendant Wallen has substantial grounds to argue that

the FTC is not likely to succeed on the merits of its case, he has had ample opportunity to raise them.

There has been, and will be, no unfair prejudice to him from the application of pertinent law to the

evidence.

## III.    CONCLUSION

Federal law provides liberally for the amendment of pleadings.  The FTC timely filed its Motion

for Leave to File and Serve *Instanter* an Amended Complaint, in accordance with a Scheduling Order

that resulted from Defendants' own advocacy.  In response to the Motion, Defendant Wallen has raised

only speculative and insubstantial argument in opposition.  Plaintiff respectfully requests that the Court

grant the Motion.


Respectfully submitted,

Dated: June 26, 2015                              */s/Harris A. Senturia*
                                                  HARRIS A. SENTURIA (Ohio Bar #0062480)
                                                  AMY C. HOCEVAR (Ohio Bar #0075510)
                                                  Federal Trade Commission
                                                  1111 Superior Ave., Suite 200
                                                  Cleveland, Ohio 44114
                                                  Senturia Phone: (216) 263-3420
                                                  Hocevar Phone: (216) 263-3409
                                                  Fax: (216) 263-3426
                                                  hsenturia@ftc.gov
                                                  ahocevar@ftc.gov

                                                  Attorneys for Plaintiff
                                                  FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2015, a copy of the foregoing Reply in Support of Plaintiff's Motion for Leave to File and Serve *Instanter* an Amended Complaint was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt who may access this filing through the Court's system.

*/s/Harris A. Senturia*
Attorney for Plaintiff
