UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>Midway Industries Limited Liability Company, *et al.*,<br><br>　　　Defendants. | Case No. JFM 14-CV-2312 |

**PLAINTIFF FEDERAL TRADE COMMISSION'S PARTIAL OPPOSITION TO
BROAD AND CASSEL AND CONTI FENN & LAWRENCE LLC'S
MOTION TO WITHDRAW AS COUNSEL**

Counsel for Individual Defendant Eric Epstein and eight of the Corporate Defendants (who have referred to themselves collectively as the "Epstein Defendants") have moved to withdraw, premising their motion on the fact that the Court has not released frozen funds earmarked as attorneys' fees since an initial release of $75,000 in August 2014.  Counsel's Motion to Withdraw (Doc 119) gives no indication that successor counsel will appear for any of the Epstein Defendants.

For reasons discussed below, Plaintiff Federal Trade Commission respectfully takes no position on the merits of the Motion to Withdraw with respect to Individual Defendant Epstein.  However, the FTC respectfully opposes the Motion with respect to the eight Corporate Defendants.  These entities would be without counsel if the Motion is granted, potentially affecting progress towards resolution of this matter on the merits.  Thus, as explained in more detail below, Plaintiff requests that this Court deny Broad and Cassel and Conti Fenn & Lawrence LLC's Motion to Withdraw as Counsel ("Motion") as to the business entities.  In addition, should the Court be inclined to grant the Motion, in whole or in part, Plaintiff respectfully requests that the Court set conditions in conjunction with the withdrawal.

I.  **THE COURT HAS BROAD DISCRETION, CONSIDERING POTENTIAL PREJUDICE AND POTENTIAL DISRUPTIVE EFFECTS**

The Court has wide discretion in ruling on a motion to withdraw. *Legacy Inv. & Mgmt., LLC v. Susquehanna Bank,* No. WDQ-12-2877, 2013 U.S. Dist. LEXIS 143943, *10 (D. Md. Oct. 2, 2013) (Quarles, J.) (*citing Patterson v. Gemini Org., Ltd.*, No. 99-1537, 238 F.3d 414 [published in full-text format at 2000 U.S. App. LEXIS 29505] (4th Cir. Nov. 17, 2000)).  Before granting a motion to withdraw, a district court may properly consider any "disruptive impact the withdrawal would have" on the pending case.  *Kiddie Acad. Domestic Franchising LLC v. Faith Enters. DC*, *LLC*, No. 07-0705, 2010 U.S. Dist. LEXIS 15066, *10 (D. Md. Feb. 22, 2010) (Quarles, J.) (*quoting Patterson*).  "In all cases, the court must still consider the potential prejudice to all parties involved and the potential disruption to the administration of justice from attorney withdrawal."  *Abbott v. Gordon*, No. 09-0372, 2010 U.S. Dist. LEXIS 113160, *7 (D. Md. Oct. 25, 2010) (Chasanow, J.).

II. **PLAINTIFF TAKES NO POSITION ON THE MERITS OF THE MOTION AS IT PERTAINS TO INDIVIDUAL DEFENDANT EPSTEIN, BUT REQUESTS CONDITIONS IF WITHDRAWAL IS GRANTED**

With several months left in the discovery schedule and a preliminary injunction in place, the FTC respectfully leaves the question of withdrawal as to Individual Defendant Epstein as a matter to be resolved by the Court based on its view of moving counsel's argument.  Individual Defendant Epstein can participate in this matter *pro se* if the Court grants the Motion as to him, and therefore the case can continue towards resolution as against him on the merits regardless of the appearance of counsel.  Because the potential for prejudice and disruption is mitigated in this regard by Defendant Epstein's

ability to proceed *pro se*, the FTC respectfully takes no position on the Motion as it pertains to Defendant Epstein.[1]

If the Court decides to grant the Motion as to Individual Defendant Epstein, however, Plaintiff would respectfully request that the Court do so with certain conditions.  First, the FTC respectfully requests that the Court explicitly permit the FTC, the Receiver, and any other parties to serve documents and notices on Individual Defendant Epstein via email, including via the Court's electronic filing system.  As shown in the attachments to the Motion, Defendant Epstein's own counsel has used email to communicate with him (including with regard to the Motion).  He will suffer no prejudice, and allowing electronic service will assist in moving this case forward efficiently.[2]  Second, the FTC respectfully requests that the Court indicate directly and expressly to Defendant Epstein that all of the Court's prior Orders in this matter (including, most prominently, the Preliminary Injunction, the Confidentiality Order, and the Scheduling Order) remain binding on Defendant Epstein despite the withdrawal of his counsel.  Defendant Epstein agreed to or obtained certain Orders through counsel, and the FTC would not want Defendant Epstein to think that withdrawal of counsel in any way releases him from his obligations to respect those Orders.

---

[1] Prior to the filing of the Motion, counsel for the FTC had informed moving counsel that the FTC would not oppose the withdrawal as to Individual Defendant Epstein but would oppose withdrawal as to the business entities.  In their brief, moving counsel reasonably stated in summary that the FTC would oppose the Motion.  The FTC does not object to moving counsel's simplified characterization, but simply wishes the Court to know that the FTC's position distinguishing between the individual and corporate defendants for purposes of this Motion is not new.

[2] In conjunction with this request, the FTC requests that the Court require Defendant Epstein to confirm his email address, mailing address, and contact telephone number to the FTC, to the Receiver, and to the other Defendants.

### III. PLAINTIFF OPPOSES THE MOTION AS IT PERTAINS TO THE EPSTEIN CORPORATE DEFENDANTS

Moving counsel represent eight business entities, the Epstein Corporate Defendants.[3] Two of those entities are Defendant Midway Industries and Defendant Standard Industries, the two entities that paid all of the Defendants' personnel, and through which the vast majority of Defendants' revenues flowed. (*See* Docs 3-1, 3-6, and 3-7). The FTC has consistently alleged that all of the Corporate Defendants, including the eight Epstein Corporate Defendants and the four Corporate Defendants represented by counsel for Defendant Brian Wallen (the "Wallen Corporate Defendants"),[4] were joined in a common enterprise. (*See* Doc 1 at ¶ 20, Doc 3-1 at pp. 16-17 and evidence cited therein). All of the Defendants have denied the common enterprise allegation. (Doc 54 at ¶ 20, Doc 71 at ¶ 20).

#### A. Withdrawal of Counsel for Corporate Defendants Is Potentially Disruptive

In assessing the potential for disruptive effect, it is relevant to note that (unlike individual defendants) business entities cannot appear or proceed *pro se*. *See* Local Rule 101.1(a) (D. Md. 2014) ("All parties other than individuals must be represented by counsel."); C. Wright, A. Miller & M. Kane, 7 Fed. Prac. & Proc. Civ. § 1333 (3d ed. 2013) ("[A] corporation cannot appear in an action in a federal district court unrepresented by counsel.").

In this civil action, Individual Defendants Epstein and Wallen both have declined to provide initial disclosures or respond to discovery, asserting their rights under the Fifth Amendment to the

---

[3] Plaintiff uses the word "Corporate" here to distinguish between business entities and individuals. Moving counsel have consistently used the term "Epstein Defendants" to refer to Defendant Eric A. Epstein and Defendants Midway Industries LLC; Commercial Industries LLC; National LLC; State Power & Lighting LLC; Standard Industries LLC; Essex Industries, LLC; Johnson Distributing LLC; and Hansen Supply LLC.

[4] The four Wallen Corporate Defendants are Environmental Industries, LLC; Mid Atlantic Industries LLC; Midway Management, LLC; and B & E Industries, LLC.

Constitution. As a result, Plaintiff projects that its sole potential avenue to discover any Defendant's substantive theory of the case, and any evidence or argument any Defendant intends to use in defense of this action, may be through discovery directed to the Corporate Defendants.

If the eight Epstein Corporate Defendants – including two entities centrally placed in the flow of funds through Defendants' enterprise – are unrepresented, they will not be expected to participate in discovery. This presents a potentially prejudicial circumstance for the FTC; the represented Wallen Corporate Defendants may pursue an as-yet-undisclosed defense of the enterprise, but may be able to avoid substantive discovery of the enterprise's mystery defense by claiming that discovery responses lie with the (silent) Epstein Corporate Defendants. Similarly, the roles and authority of Individual Defendants with respect to the Epstein Corporate Defendants are at issue in this case. If Individual Defendants decline to respond to discovery, and if the Wallen Corporate Defendants disclaim responsibility to provide discovery responses relevant to the Epstein Corporate Defendants, the Defendants collectively may attempt to use the Epstein Corporate Defendants' nonparticipation in discovery as a shield to obfuscate the Individual Defendants' roles and authority.[5] Plaintiff could suffer significant prejudice and disruption to the orderly progress of the case if the withdrawal of counsel for the Epstein Corporate Defendants creates the opportunity for such tactics.

Moving counsel have notified the Epstein Corporate Defendants that a potential consequence of withdrawal may be the entry of default against them. However, a bare default may not cure the

---

[5] Withdrawal may also create opportunities for Defendants to generate procedural issues regarding enterprise records. When all of the Corporate Defendants are represented, there is no advantage to tactics of picking and choosing which records are nominally the responsibilities of which Corporate Defendant. With only some of the Corporate Defendants represented, they may needlessly expand procedural obstacles through such tactics, pointing to the proverbial empty chair as they may find useful to their purposes.

potentially disruptive issues identified above. Moreover, the FTC continues to position its case to achieve resolution on the merits. The Court already has before it substantial evidence of the Epstein Corporate Defendants' liability on the merits (both in the FTC's submissions and in the Receiver's Initial Report). At this stage, with the matter moving forward on the merits as to all of the other Defendants, Plaintiff sees no advantage or efficiency in abandoning its position on the merits with respect to the Epstein Corporate Defendants to seek a procedural victory against them, particularly one that will be regarded and reviewed differently than would a decision on the merits. *See generally*, *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (discussing preference for resolution on the merits rather than by default).[6]

### B. The Court Is Not Bound by the Engagement Agreements

Moving counsel rely heavily on their engagement agreements with the Epstein Defendants as support for the Motion, noting that the agreements contemplate moving counsel's withdrawal for nonpayment. As Local Rule 101.2 explicitly requires leave of Court, however, such reliance is misplaced. "Whether to allow counsel to withdraw after an appearance has been made is a decision within the district court's discretion and is not controlled by any purported agreement between counsel and client." *SEC v. Woodard*, No. 2:13cv16, 2014 U.S. Dist. LEXIS 35417, *5 (E.D. Va. Feb. 19, 2014) (*citing Towns v. Morris*, No. 93-1295, 50 F.3d 8 [published in full-text format at 1995 U.S. App. LEXIS 5798 at *6] (4th Cir. 1995) (unpublished table opinion)).

Furthermore, the two Maryland district court cases relied on by moving counsel are distinguishable in that the clients in those cases refused to pay attorneys' fees in the context of more broadly deteriorating attorney-client relationships. *Abbott*, 2010 U.S. Dist. LEXIS 113160, at *5-8

---

[6] Similarly, a consent Order achieved through settlement may stand on firmer ground than a default. An unrepresented business entity cannot enter into a settlement.

(finding that the attorney-client relationship had broken down where clients accused counsel of misconduct); *Wright Solutions, Inc. v. Rocky Wright*, No. 12-0178, 2014 U.S. Dist. LEXIS 31844 (D. Md. March 12, 2014) (Day, M.J.) (defendant failed to respond to repeated communications from counsel, hindering trial preparation).

In contrast, this is a case where moving counsel's argument focuses on an asset freeze, of which counsel knew when they took the engagement, as opposed to a refusal to pay. Nonpayment has less force as a basis for withdrawal in such circumstances. *See, e.g., FTC v. Dean Thomas Corp.*, No. 1:97-CV-129, 1997 U.S. Dist. LEXIS 18024, at *6 (N.D. Ind. Nov. 7, 1997) (denying motion to withdraw on several grounds; observing, with respect to nonpayment, that counsel knew of asset freeze and that "there is no showing here that the inability of the [defendants] to compensate [counsel] was deliberate"); *see also FTC v. Image Sales & Consultants*, No. 1:97-CV-131, 1997 U.S. Dist. LEXIS 18905, *8 (N.D. Ind. Nov. 14, 1997) (denying release of frozen funds for the payment of attorney fees, recognizing that "an attorney who knowingly consents to represent a client whose assets have been frozen assumes the risk of not being paid") (*quoting FTC v. Jordan Ashley, Inc.*, No. 93-2257, 1994 U.S. Dist. LEXIS 7577, at *10 (S.D. Fla. May 4, 1994)).

Moreover, unlike in the cases cited by moving counsel, there is no indication of any deterioration in the attorney-client relationship. Notably, Defendant Epstein (as representative of the Epstein Corporate Defendants) has not affirmatively indicated his consent to the withdrawal. There is no declaration signed by Mr. Epstein, no agreed order signed by him, nor any other documentation submitted on his behalf. There is nothing to indicate that Mr. Epstein has anything other than a harmonious relationship with his longtime attorneys. Under these circumstances, and given the

potentially disruptive effect of withdrawal on the orderly progress of this matter, citations to engagement agreements are not necessarily sufficient to support withdrawal.

### C. If the Court Is Inclined to Grant Withdrawal, Plaintiff Respectfully Requests Conditions to Reduce Potential Disruption

If the Court finds merit in the arguments of moving counsel and is inclined to allow moving counsel to withdraw from representation of the Epstein Corporate Defendants, the FTC would respectfully request that the Court do so in a manner to reduce the potential for disruption that such withdrawal may cause. Under Local Rule 101.2(b), if successor counsel does not appear for a non-individual defendant within 30 days of the filing of a motion to withdraw, the Court may "take such action, if any, that it deems appropriate[.]" Plaintiff respectfully submits that, if counsel for the Epstein Defendants withdraw, it would be appropriate for the Court to take such action as it may deem appropriate to ensure that Defendants do not gain tactical advantage from the failure of the Epstein Corporate Defendants to participate in discovery.

The Epstein Corporate Defendants' nonparticipation in discovery and other proceedings relating to this case would be, in effect, a form of silence. As the Epstein Corporate Defendants will be silent if they are unrepresented, Plaintiff respectfully suggests that (if the Motion is granted as to them) the Court deem them so to the extent issues may arise as to which such silence may be material.[7] Plaintiff respectfully requests that no Defendant be permitted to assert that the silence of the Epstein Corporate Defendants should yield any inference that would be favorable to the Epstein Corporate Defendants, and that no Defendant be permitted to rely on the silence of the Epstein Corporate Defendants as material

---

[7] The most salient example arises as to the possibility of summary judgment, where the Epstein Corporate Defendants' lack of response should have the ordinary ramification of silence, and ought not be used by any Defendant as grounds to assert that there may be a genuine issue of material fact on any matter as to which Plaintiff otherwise carries its evidentiary burden.

support for any Defendant's argument.  In addition, although the Preliminary Injunction specifically contemplates that the Receiver "shall not interfere with or be privy to the defense of this action," Plaintiff would respectfully request that the Court authorize the Receiver to stipulate to the authenticity of records of the Epstein Corporate Defendants as may be warranted.

While these requests may seem broad, they do not (and Plaintiff does not intend them to) relieve Plaintiff of its fundamental responsibility to prove its claims in accordance with the evidence.  The purpose of these requests is simply to avoid a situation in which the withdrawal of counsel for the Epstein Corporate Defendants needlessly becomes an obstacle to the efficient resolution of this case.  If the Court is inclined to grant the Motion, Plaintiff respectfully requests that the Court consider implementing these suggestions or otherwise taking such action as it may deem appropriate to prevent or lessen any prejudice or disruption that may result.

## IV. CONCLUSION

For the reasons stated above, the FTC takes no position on the merits of the Motion as it pertains to Individual Defendant Epstein, and opposes the Motion as it pertains to the Epstein Corporate Defendants.  If the Court is inclined to grant the Motion, the FTC respectfully requests that an Order granting the Motion include appropriate conditions to prevent potential prejudice and disruption.  The FTC respectfully suggests that such conditions may include:

(1) that other parties (including the FTC and the Receiver) may serve documents and notices on Defendant Epstein electronically, including via the Court's electronic filing system, and that Defendant Epstein will confirm to other parties his email address, mailing address, and telephone number;

(2) that the Court indicate directly and expressly to Defendant Epstein that all of the Court's prior Orders in this matter (including, among others, the Preliminary Injunction, the Confidentiality Order, and the Scheduling Order) remain binding on Defendant Epstein despite the withdrawal of his counsel;

(3) that any unrepresented Epstein Corporate Defendant shall be deemed silent to the extent issues arise as to which such silence may be material;

(4) that the silence of any Epstein Corporate Defendant will not result in any inference favorable to any Epstein Corporate Defendant;

(5) that no Defendant may rely on the silence of any Epstein Corporate Defendant as material support for any Defendant's argument; and

(6) that the Receiver is authorized to stipulate to the authenticity of records of the Epstein Corporate Defendants.

Respectfully submitted,

Dated: June 29, 2015

/s/Harris A. Senturia
HARRIS A. SENTURIA (Ohio Bar #0062480)
AMY C. HOCEVAR (Ohio Bar #0075510)
Federal Trade Commission
1111 Superior Ave., Suite 200
Cleveland, Ohio 44114
Senturia Phone: (216) 263-3420
Hocevar Phone: (216) 263-3409
Fax: (216) 263-3426
hsenturia@ftc.gov
ahocevar@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2015, a copy of the foregoing PLAINTIFF FEDERAL TRADE COMMISSION'S PARTIAL OPPOSITION TO BROAD AND CASSEL AND CONTI FENN & LAWRENCE LLC'S MOTION TO WITHDRAW AS COUNSEL was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt who may access this filing through the Court's system.

                                                                                     */s/Harris A. Senturia*
                                                                                     Attorney for Plaintiff